STILKEY  &  WHITNEY  REAL  ESTATE  COMPANY

*vs.*

JAMES  P.  RUNDLE, et als.

Cumberland.   Opinion May 13, 1916.

*Agreement  for  sale  of  real  estate.   Options.   Rights  and  obligations  of  parties  to  bond.*

Action of debt on bond to recover the sum of $7500 as liquidated damages for the alleged breach of the conditions of the bond.

*Held:*

1. Upon the vital question of the plaintiff's readiness and ability to perform its obligations, as set out in its declaration, there is not only an entire absence of testimony showing its · ability to perform the same, but it admits over and over again that it had neither option nor title to the property, and could not procure the same.

2. The rule is well established that in such cases the plaintiff, on his part, must show that he was able,. ready and willing to perform as he has declared in his writ. The plaintiff here has not brought itself within the rule.

Action of debt on bond for conveyance of certain real estate. Plaintiff seeks to recover a certain sum of money named in the bond as liquidated damages. Defendant pleaded the general issue and brief statement, alleging in part that plaintiff was not the owner of the land mentioned therein and had no legal interest therein and was never able to convey said land, or to compel the conveyance of said land to said defendants according to the terms of said bond. At the close of the testimony, the case was reported to the Law Court upon so much of the evidence as is legally admissible. Judgment for defendant.

The case is stated in the opinion.

*Howard Davies, and Thomas L. Talbot,* for plaintiff.

*Robert B. Seidel,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. On report. Action of debt on bond to recover the sum of $7500 as liquidated damages for the alleged breach of the conditions of the bond, which is substantially set out in the declaration. The declaration follows:

"In a plea of Debt, for that on the twenty-fifth day of November, A. D. 1914, at said Biddeford, to wit, at said Portland, the plaintiff and the defendants entered into an agreement in writing under their hands and seals, whereby the plaintiff in consideration of the sum of Forty-seven Thousand ($47,000) Dollars, to be fully paid as provided in said agreement, agreed to sell, and convey to the said defendants by good and sufficient warranty title the following described lot or parcel of land with buildings thereon, Four story block, situated in Biddeford, Maine, at the corner of Main and Adams streets, known as the Hotel Thatcher . . . free of all incumbrances. The said defendants in consideration as aforesaid agreed to buy and purchase said premises at the said consideration and to pay the same as follows, to wit: Five Hundred Dollars ($500) at the time of signing said agreement and the balance of

said Forty-Seven Thousand ($47,000) Dollars at the time of taking title. The said plaintiff upon payment of the aforesaid consideration in the manner aforesaid, and upon request, agreed at their own proper expense and charge to execute and deliver to the said defendants or their assigns a deed of the aforesaid premises on or before the first day of June, A. D. 1915.

And it was mutually agreed and understood that should either party or parties to said agreement fail or neglect to fulfill his part of said agreement, he should forfeit as damages to the other party the sum of Seven Thousand Five Hundred ($7,500) Dollars. Said plaintiff avers that on the twenty-fifth day of November, A. D. 1914, and on each and every other legal day since that date, up to and including the first day of June, A. D. 1915, or until such time as there was and has been a breach of the conditions of the said agreement on the part of the party of the second part, it was ready and willing at its own proper expense and charge to execute, acknowledge and deliver to said defendants a good and sufficient warranty deed, upon request therefor, and otherwise has performed all the conditions of said agreement on its part.

Said plaintiff avers that the defendants not only failed and neglected to request the plaintiff to execute and deliver a good and sufficient warranty deed of said premises on or before the first day of June, A. D. 1915, but also refused, failed and neglected to comply with the terms of said agreement on their part, to the damage of the plaintiff as it says in the sum of Seven Thousand Five Hundred ($7,500) Dollars.

Yet the said defendants, though requested, have not paid the same, but neglect so to do: To the damage of the said plaintiff (as it says) the sum of Ten Thousand Dollars."

The defendants pleaded the general issue, with the following brief statement:

"First: That said plaintiff, at any of the times mentioned in its writ was not the owner of the land mentioned therein and during all of said times had no legal interest therein, and was never able to convey said land, or to compel the conveyance of said land to said defendants according to the terms of said deed, all of which was known to the defendants;

Second:    That said plaintiff, at said Biddeford, on the second day of December, 1915, notified said defendants that it was unable, and would be unable to convey said land according to said deed on or before the first day of June, 1915, unless said defendants would pay said plaintiff the sum of four thousand five hundred dollars in addition to the sum of five hundred dollars which defendants had paid at the time of the execution of said deed, so that plaintiff might secure an option of said land;

Third:    That then and there said contract was waived by mutual consent of said parties."

Mr. Stilkey, the president of the plaintiff company, states that he was employed by the defendants to make inquiries concerning a lot of land in the rear of the Cote Opera House in Saco.    When Mr. Stilkey reported later, the defendants informed him that they were interested in a better proposition,—the Hotel Thatcher.    After ascertaining from the defendants the names of the owners, Mr. Stilkey went to see them, and, as appears in the following testimony of the plaintiff, was successful:

"Q.    And whether or not you found from the owners of the property that you could buy it?    A.    I did.

Q.    And whether or not, as a result of that information, this contract was made?    A.    Yes, sir."

Mr. Stilkey was paid $500 upon the signing of the bond, and in two or three days, after seeing the owners of the property, he called on the defendants and told them the owners of the property wanted $4,500 more, and he says the defendants agreed to furnish the money.    The latter statement is denied by the defendants and negatived by the plaintiff's own testimony, where Mr. Stilkey states that Mr. Rundle, one of the defendants, demanded the return of the $500; and for the purpose intended, of introducing testimony to vary the terms of the written contract, it lacks the clearness, strength, and convincing quality requisite to have that effect.    On direct examination Mr. Stilkey was asked:    "Q.    Whether or not you ever had any conversation with them about paying the sum of $4,500 in addition to the $500?    A.    At one time, with Mr. Whitney, my partner; and I told Mr. Rundle at the time he demanded the $500 that Mr. Whitney and I should pay the $4,500, and he advised

me not to." He admits that he did not advance the $4,500, and that the plaintiff never had title, or an option on the property. It is evident that Mr. Stilkey was led to believe that he could procure an option on the property for a small sum. He says he first offered $100, and finally offered the $500, and was refused.

Mrs. Carrie M. Brown, one of the principal witnesses for the plaintiff, testified, "that Mr. Stilkey repeatedly asked Mr. Boland if it was possible to carry the deal through, and he said positively no."

It is admitted that the defendants made no tender of the purchase price at any time before or on June 1, 1914, and no request was made for a deed of the property.

The case is here for our determination upon so much of the evidence as is legally admissible. We have carefully examined the evidence, and the admissions of counsel, and applying thereto well settled rules of law, we are of the opinion that the plaintiff is not entitled to recover.

Upon the vital question of its own readiness and ability to perform its obligations as set out in its declaration, there is not only an entire absence of testimony showing its ability to perform the same, but it admits over and over again that it had neither option nor title to the property, and could not procure the same. The rule is well established that in such cases the plaintiff, on his part, must show that he was able, ready, and willing to perform as he has declared in his writ. The plaintiff here has not brought itself within the rule, and the entry must therefore be,

*Judgment for the defendants.*